**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No. 14-cr-148 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Charles James Jones, | |
| Defendant. | |

Julie E. Allyn and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Shannon R. Elkins, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415; and John C. Conard, Law Offices of John C. Conard, 7582 Currell Boulevard, Suite 212, Woodbury, MN 55125, for Defendant.

SUSAN RICHARD NELSON, United States District Judge[1]

## I.     INTRODUCTION

This matter is before the Court on the Government's Motion in Limine No. 6: To Preclude Improper Defense Expert Testimony or, in the Alternative, for a Daubert Hearing [Doc. No. 74]. For the reasons set forth below, this Motion is granted in part and denied in part.

## II.    DISCUSSION

The Government seeks to exclude the testimony of Defendant's expert witness, Fire Investigator R. Paul Bieber. (Govt.'s Mot. in Limine No. 6: To Preclude Improper Defense

---

[1] Judge Nelson is trying this case on behalf of Judge Frank.

Expert Testimony or, in the Alternative, for a Daubert Hrg. [Doc. No. 74] at 1.) The entirety of Defendant's initial disclosure of expert testimony to the Government on February 13, 2015 was that Mr. Bieber is expected to testify as to:

> 1. The area of origin of the fire: Based on fire pattern analysis and the eye-witness statements of first arriving firefighters and police, the area of origin of the fire was on the first floor of the house, likely in [sic] general area of the living room. Under the circumstances presented at this fire, a more specific area of origin cannot be determined.
>
> 2. The cause of the fire: Based on the evidence and information known at this time, Mr. Bieber will testify that the ignition source of this fire is "undetermined."
>
> 3. Whether the fire was intentionally ignited: Mr. Bieber will testify that a conclusion regarding the intentional or accidental nature of a fire incident is not within the professional expertise of a fire investigator. He will opine that such a determination is not based upon scientific, engineering, or technical expertise.
>
> 4. The presence and influence of domain-irrelevant information: Mr. Bieber is prepared to testify that domain irrelevant information contained in the investigation report and known to the fire investigator prior to and during the scene examination and analysis, combine to provide biasing information, which—based upon his research and experience—tends to push an investigator's perspective away from objectivity and towards bias, and therefore, less-reliable conclusions.

(Id., Ex. A.)

In its first brief on this issue, the Government argued that all of Mr. Bieber's testimony should be precluded in light of Defendant's failure to comply with Federal Rule of Criminal Procedure 16(b)(1)(C), which requires disclosure of a summary of an expert "witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." (See id. at 3–5.) In the alternative, the Government argued that any testimony regarding the topics listed in Paragraphs 3 and 4 should be precluded under

Federal Rule of Evidence 702 because it would be irrelevant, improper, and unfounded. (See id. at 5–8.)

Subsequently, at the pre-trial conference, Defendant represented that Mr. Bieber had altered his list of opinions. The updated "Summary of Opinions and Anticipated Testimony" states in its entirety:

> 12. Based on fire pattern analysis and the eye-witness statements of first arriving firefighters and police, the area of origin of the fire was on the first floor of the house, likely in the general area of the living room. Under the circumstances presented at this fire, a more specific area of origin cannot be determined.
>
> 13. Based on the evidence and information known [at] this time, the ignition source, the first fuel ignited and the conditions bringing them together in order to start a fire are unknown. As a result, the cause of the fire is "undetermined."
>
> 14. The examination and analysis of the location or characteristics of fire patterns and burn damage at the fire scene do not support either an accidental or intentional cause classification. Any conclusions as to the intentional or accidental nature of the fire are not based on an examination or analysis of physical, fire-scene evidence, nor are they based on scientific, engineering or technical expertise.

(Govt.'s Mot. in Limine No. 6: Resp. to Def.'s Resp. to Preclude Expert Testimony [Doc. No. 93] ("Govt.'s MIL No. 6 Resp."), Ex. B.) However, after the hearing, Defendant submitted a brief in which he argued solely that testimony of Mr. Bieber relating to cognitive bias and domain-irrelevant information should be admissible because it is relevant to attack the credibility of the Government's expert witness, is a widely-accepted doctrine in the scientific community, and is based on the National Fire Protection Association's guidelines. (See Def.'s Resp. to Govt.'s Mot. to Preclude Improper Defense Expert Testimony [Doc. No. 91] at 1.)

In response to Defendant's submissions, the Government submitted another brief, renewing its objections under both Federal Rule of Criminal Procedure 16(b)(1)(C) and Federal Rule of Evidence 702. (See Govt.'s MIL No. 6 Resp. at 5, 8–9.) In addition to its previously-articulated arguments, the Government noted that Defendant appeared to abandon the proposed cognitive bias testimony in the updated disclosure of Mr. Bieber's testimony, yet Defendant focused solely on that issue in his briefing. (See id. at 4–5.) The Government also argued that Defendant's brief still failed to establish that Mr. Bieber has an adequate basis for his testimony. (See id. at 5.)

Upon consideration of the matter at that point, the Court agreed with the Government that Defendant's initial disclosure of Mr. Bieber's expected expert testimony failed to satisfy Federal Rule of Criminal Procedure 16(b)(1)(C) because it contained no disclosure of the bases and reasons for Mr. Bieber's opinions. That being said, the initial disclosure was replaced with an updated disclosure, which the Court considered in its place. The Court found that the updated disclosure was similarly incomplete and, because of its incompleteness and untimeliness, had prejudiced the Government. Accordingly, because the updated disclosure did not disclose a continuing intent on Defendant's part to elicit testimony from Mr. Bieber regarding cognitive bias, the Court informed counsel that no testimony to that effect would be permitted. However, the Court determined that Defendant would be permitted to elicit testimony from Mr. Bieber regarding Mr. Bieber's opinions regarding the area of origin of the fire and the cause of the fire as stated in Paragraphs 12 through 14 of the updated disclosure, on the condition that Defendant submitted to the

Government and this Court a detailed description of the bases and reasons for those opinions that passes muster under Rule 16(b)(1)(C).

On March 4, 2015, the Court received the second updated disclosure of Mr. Bieber's expected testimony. Upon review, the Court finds that Mr. Bieber has now provided a sufficient summary of the bases and reasons for his opinions regarding the area of origin and cause of the fire at issue. He is, therefore, permitted to testify about his opinions as to those issues, but he is not permitted to offer opinion testimony regarding cognitive bias.

### III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT** the Government's Motion in Limine No. 6: To Preclude Improper Defense Expert Testimony or, in the Alternative, for a Daubert Hearing [Doc. No. 74], is **GRANTED IN PART AND DENIED IN PART**.

Dated:  March 4, 2015              s/Susan Richard Nelson
                                   SUSAN RICHARD NELSON
                                   United States District Judge