UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Charles James Jones,<br><br>　　　　　Defendant. | Case No. 14-cr-148 (SRN/LIB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Julie E. Allyn and Kevin S. Ueland, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Shannon R. Elkins, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415; and John C. Conard, Law Offices of John C. Conard, 7582 Currell Boulevard, Suite 212, Woodbury, MN 55125, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

### I. INTRODUCTION

This matter is before the Court on the Government's Motion in Limine No. 5: To Preclude "Reverse" Rule 404(b) Evidence [Doc. No. 71]. In the Court's March 4, 2015, Order [Doc. No. 98], the Court found that Defendant could testify about Ms. Clark repeatedly falling asleep in the past with a lit cigarette if Mr. Jones could properly lay the foundation that Ms. Clark had a "habit" of falling asleep with a lit cigarette. Accordingly, the Court deferred ruling on the Government's Motion and, on March 5, 2015, permitted an offer of proof by Defendant to determine whether Mr. Jones could properly lay the foundation to establish this habit. For the reasons set forth below, the Court finds that

Defendant sufficiently established that Ms. Clark had a habit of falling asleep with a lit cigarette when she was inebriated. According, the Government's Motion is denied.

## II. DISCUSSION

Rule 406 of the Federal Rules of Evidence provides for the admissibility of "habit" evidence, as follows:

> Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence *regardless* of whether it is corroborated or whether there was an eyewitness.

See Fed. R. Evid. 406 (emphasis added). The Advisory Committee noted overall agreement "that habit evidence is highly persuasive as proof of conduct on a particular occasion." See Fed. R. Evid. 406 advisory committee's note.

As the Advisory Committee explained at the time Rule 406 was proposed, "[h]abit . . . describes one's regular response to a repeated specific situation." See id. Courts will deem putative habit evidence inadmissible if the conduct is "not sufficiently regular or uniform, or if the circumstances are not sufficiently similar to outweigh the dangers of prejudice, distraction and time-consumption." 1 Kenneth S. Broun, ed., McCormick On Evid. § 195 (7th ed. 2013).

Although the text of Rule 406 appears to relate "habit" to individuals and "routine practice" to organizations, the United States Court of Appeals for the Eighth Circuit excluded evidence of an individual's conduct pursuant to Rule 406 when the proponent of the evidence failed to elicit evidence concerning that individual's "routine practice." See United States v. Mulder, 147 F.3d 703, 707–08 (8th Cir. 1998). Thus, the Eighth

2

Circuit, at least, appears to treat "habit" and "routine practice" as synonymous.

The Eighth Circuit has also explained that "[t]he foundation for Rule 406 evidence can be established by lay opinion," so long as the lay opinion complies with Rule 701, which requires only that the witness's testimony "be rationally based on perception and helpful to the determination of a fact at issue." Maynard v. Sayles, 817 F.2d 50, 52 (8th Cir. 1987), aff'd, 831 F.2d 173 (8th Cir. 1987).

Although there is no precise formula for determining when conduct is so consistent as to become a "habit," "'adequacy of sampling and uniformity of response' are controlling considerations." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1524 (11th Cir. 1985) (quoting Reyes v. Missouri Pac. R. Co., 589 F.2d 791, 795 (5th Cir. 1979)); see also Fed. R. Evid. 406 advisory committee's note.

Here, Defendant testified that over the past fifteen years or so Ms. Clark frequently and regularly fell asleep with a lit cigarette when she was inebriated. Specifically, he testified that Ms. Clark smoked on a daily basis, and she "pretty much constantly had a cigarette." (Hr'g Tr. 4:15 [Doc. No. 106].) Mr. Jones stated that she regularly smoked before taking a nap and before going to sleep in the evening. He testified that she smoked "pretty much daily" while lying in bed or on the sofa. (See id. at 4:11–13.) He also testified that "two, [or] three times a week" Ms. Clark would fall asleep while smoking. (See id. at 5:12–15.) Later in his testimony, Defendant stated that a "majority of the time," Ms. Clark passed out with a lit cigarette. (See id. at 17:7–9.) In fact, this behavior appears to have increased in the last days of Ms. Clark's life. For instance, Mr. Jones testified that during the week before the fire on December 30, 2013,

3

Ms. Clark fell asleep "about every other day" with a lit cigarette, and a "majority of the time" she was intoxicated when doing so.  (See id. at 15:19–25.)

Mr. Jones specified that Ms. Clark was often more likely to fall asleep while smoking if she was inebriated.  Although she "didn't always lay down when she was smoking cigarettes," (see id. at 11:14–16), Mr. Jones testified that she was more prone to falling asleep while smoking when she was under the influence (see id. 15:24–25).

To further substantiate his testimony, Mr. Jones stated that many of his couch cushions, throw pillows, blankets, and bedding had cigarette burn holes from lit cigarettes that had fallen out of Ms. Clark's hand once she had fallen asleep.  (See id. at 5–6.)  Even Ms. Clark's clothing had burn marks in them.  (See id. at 5:18.)  Defendant also testified that "about once every two weeks" he had taken lit cigarettes from Ms. Clark's hand after she had fallen asleep.  (See id. at 6:5–10.)  Based on the aforementioned testimony, the Court concludes that, pursuant to Fed. R. Evid. 406, Mr. Jones sufficiently laid the foundation to establish that Ms. Clark had a "habit" on falling asleep with a lit cigarette when she was inebriated.

The Court also holds that this evidence is clearly relevant, under Federal Rule of Evidence 401.  See Fed. R. Evid. 401 (stating that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").  Here, the Government contends that Ms. Clark died in a house fire that was started by Mr. Jones.  In defense, Mr. Jones claims that he did not start the fire.  Since even the Government's expert was unable to determine the cause of the fire, testimony about a habitual act, such as falling

asleep with lit cigarettes, is relevant for the jury's determination of whether Mr. Jones did in fact start the fire.

The Court notes, however, that the strength of the inference to be drawn from this habit testimony is left to the jury.  See Perry v. New Hampshire, 132 S. Ct. 716, 728 (2012) (explaining that "the jury, not the judge, traditionally determines the reliability of evidence.").  Objections to Defendant's testimony about Ms. Clark's habit of falling asleep with a lit cigarette while inebriated are more appropriately directed to the weight of Mr. Jones's testimony, rather than to its admissibility.  The Government may thoroughly cross examine Defendant, and specifically focus on the reliability of the inference that may be drawn from this habit testimony.  For instance, the Government is free to cross examine Defendant about the fact that no forensic evidence exists to establish that cigarettes caused the fire.  The Government may also highlight this fact, and others, in its closing argument.

### III. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT** the Government's Motion in Limine No. 5:  To Preclude "Reverse" Rule 404(b) Evidence [Doc. No. 71], is **DENIED**.

Dated:  March 9, 2015                    s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States District Judge