UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **United States of America,** | **Crim. No. 14-148 (SRN/LIB)** |
| **Plaintiff,** | |
| v. | ORDER OF RESTITUTION |
| **Charles James Jones,** | |
| **Defendant.** | |

Julie Allyn, Office of the United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, and Kevin Ueland, Office of the United States Attorney, 316 North Robert Street, Suite 404, St. Paul, Minnesota 55101, for Plaintiff United States of America

Shannon R. Elkins, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415, for Defendant

SUSAN RICHARD NELSON, United States District Judge

The above matter is before the Court upon the motion for issuance of a restitution order by the government. An evidentiary hearing on this matter was held on April 27, 2016. Counsel for the government and for Defendant Charles James Jones appeared and Mr. Jones attended via video conference from the Federal Correctional Institution in Greenville, Illinois. Based on a review of the file, record, and proceedings herein, the motion is granted.

I.   BACKGROUND

On March 10, 2015, a jury convicted Jones of Second Degree Murder, in violation of 18 U.S.C. § 1111, in the death of Sholanda Clark. At the October 30, 2015

sentencing, the Court adopted the presentence investigation report, which indicated that pursuant to 18 U.S.C. § 3663A, restitution was mandatory, but the amount had not been determined as of the filing of the report. (Sentencing Tr. at 11, 34 [Doc. No. 150].) Jones was sentenced to a term of imprisonment and the determination of restitution was deferred until a later date. (Id.; J. in a Crim. Case [Doc. No. 134].)

It appears that the parties initially attempted to stipulate to the restitution amount, but due to difficulties experienced by counsel for both sides, on January 22, 2016, the Court scheduled a teleconference for February 1, 2016 to discuss restitution [Doc. No. 152]. Following the February 1 teleconference, when it appeared that the parties were unable to stipulate to restitution, the Court set a restitution hearing for April 27, 2016 [Doc. No. 157].

In its request for restitution, the Government seeks restitution in the amount of $2,271.74 on behalf of crime victim Kileen L. Weise, mother of Ms. Clark, the murder victim. Ms. Weise provided a notarized Request for Restitution and Affidavit, as well as documentation supporting her claim. (See Gov't Ex. 1 [Doc. No. 159-1].) Among the expenses for which Ms. Weise seeks restitution are transportation expenses incurred in the investigation of the offense and attendance at the proceedings.[1] (Id.) Although Jones maintains his innocence, he does not challenge the legal appropriateness of these claims

---

[1] Initially, Ms. Weise also sought restitution for several items of personal property that were destroyed in the house fire at her daughter's residence. (See Fin. Loss Statement [Doc. No. 159-2].) The house fire contributed to the death of her daughter. Ms. Weise subsequently withdrew her restitution claim for these items of personal property. (Gov't's Letter of 5/3/16 [Doc. No. 160].)

2

for restitution purposes.  (Def. Letter of 5/5/15 [Doc. No. 162].)

## II.     DISCUSSION

The Mandatory Victim Restitution Act (MVRA) requires the Court to order restitution when sentencing a defendant who is convicted of an offense that causes pecuniary loss to a victim.  See 18 U.S.C. § 3663A (2012).  A "victim" is "a person directly and proximately harmed as a result of the commission of [the] offense for which restitution may be ordered."  Id. § 3663A(a)(2).  Where the victim is deceased, a family member may assume the victim's rights under the MVRA.  Id.  Among other things, victims may be reimbursed for transportation and other expenses incurred in the investigation or prosecution of the offense or attendance at proceedings related to the offense, id. § 3663A(b)(4), and where the offense results in the death of the victim, restitution may be ordered to pay for necessary funeral and related services.  Id. § 3663A(b)(3).  The Court finds that Ms. Weise, as the mother of the murder victim, is a family member who may submit a claim for restitution, and her requested expenses fall under § 3663A(b)(3) and/or (b)(4).  As noted, without conceding his claim of innocence, Defendant does not argue otherwise or challenge the requested amount of restitution. (Def. Letter of 5/5/15 [Doc. No. 162].)

When the amount of losses are not ascertainable at sentencing, the MVRA requires a final determination of restitution within 90 days of sentencing.  18 U.S.C. § 3664(d)(4). The Eighth Circuit has observed that, "The primary and overarching goal of the MVRA is to make victims of crime whole, to fully compensate these victims for their losses and to

restore these victims to their original state of well-being." United States v. Balentine, 569 F.3d 801, 806 (8th Cir. 2009) (citations and internal quotation marks omitted).  The procedural protections of the MVRA are therefore designed to protect victims, not criminal defendants.  Id.  While Defendant does not challenge the Court's authority to order restitution, the Court simply notes that the 90-day deadline "does not deprive the court of the power to order restitution."  See Dolan v. United States, 560 U.S. 605, 611 (2010); Balentine, 569 F.3d at 807; United States v. Johnston, No. 10-CR-221 (DSD), 2011 WL 5142981, at *1 (D. Minn. Oct. 31, 2011).

The Court finds that the government has shown by a preponderance of the evidence that the victim is due restitution in the amount of $2,271.74.

**IT IS HEREBY ORDERED** that:

1.  That an amended sentencing judgment be entered reflecting restitution in the amount of $2,271.74 to be distributed to Kileen L. Weise in accordance with this order;

2. Over the period of incarceration, Defendant shall make payments towards his restitution obligation of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR.  It is recommended that defendant participate in the Inmate Financial Responsibility Program while incarcerated; and

3. Payments of not less than $50 per month are to be made over a period of 5 years commencing 30 days after release from confinement. Payments are to be made payable to the Clerk, U.S. District Court, for disbursement to the victim. The interest requirement is

waived.

Dated: May 16, 2016

                                                s/Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge